# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT
_____

In the Interest of K.R., K.R., and K.R., children.

K.J. and K.R.,

Appellants,

v.

DEPARTMENT OF CHILDREN AND FAMILIES and
GUARDIAN AD LITEM PROGRAM,

Appellees.

No. 2D23-1274
_____

September 29, 2023

Appeal from the Circuit Court for Pinellas County; Christopher Michael LaBruzzo, Judge.

Brandon L. Kolb, Tampa, for Appellants.

Bruce Bartlett, State Attorney, and Leslie M. Layne, Assistant State Attorney, Sixth Judicial Circuit of Florida, Clearwater, for Appellee Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, Krystle Celine Cacci, Senior Attorney, and Stephanie E. Novenario, Senior Attorney, Statewide Guardian Ad Litem Office, Tallahassee (substituted as counsel of record), for Appellee Guardian ad Litem.


PER CURIAM.

Attorney Brandon L. Kolb, Florida Bar Number 567124, failed to appear before this court on Tuesday, September 5, 2023, to show cause

why sanctions should not be imposed for his failure to comply with this court's orders in this appeal of a final judgment terminating the parents' rights to their children. Termination of parental rights proceedings are to follow an expedited schedule. *See* Fla. R. App. P. 9.146(g), (h).

Attorney Kolb filed the notice of appeal in the trial court on June 14, 2023. On June 16, 2023, this court issued an order directing that if a transcript will be necessary and attorney Kolb had not already done so, he should file and serve designations within three days and forward a copy to this court within seven days. In the alternative, the order directed attorney Kolb to file a status report within seven days stating that no designations are to be filed in this appeal. *See* Fla. R. App. P. 9.146(g)(2)(B), (C). Attorney Kolb is registered for electronic service with this court, and the case management system shows an acknowledgement of receipt of the order, but attorney Kolb did not respond to the order.

On July 14, 2023, this court ordered attorney Kolb to comply with the June 16 order within ten days and warned that sanctions may be imposed for noncompliance. The case management system shows an acknowledgement of receipt of the order, but attorney Kolb did not respond to the order.

On July 31, 2023, this court ordered attorney Kolb to show cause within ten days why sanctions should not be imposed for his failure to comply with the June 16 and July 14 orders. The case management system shows an acknowledgement of receipt of the order, but attorney Kolb did not respond to the order.

On August 14, 2023, this court attempted several times to call attorney Kolb regarding his failure to comply with court orders but received a message that the phone number provided to this court and listed with The Florida Bar was no longer in service.

On August 14, 2023, this court issued an order directing attorney Kolb to appear before the court on September 5, 2023, and show cause why sanctions should not be imposed for his failure to comply with the aforesaid orders. Attorney Kolb failed to appear. This court was able to contact him at the phone number that had previously been out of service, and he advised the court that he had not received the order to show cause and would not be able to appear because he was out of town. While the case management system does not show an acknowledgement of receipt of the August 14, 2023, order to show cause, the United States Postal Service tracking system shows that the order was delivered to an individual on August 16, 2023, at the address attorney Kolb provided to this court and to The Florida Bar.

Due to Attorney Kolb's failure to comply with this court's directives and the attendant delays in this expedited appeal and recognizing attorney Kolb's disciplinary history, we hereby refer this matter to The Florida Bar for investigation and initiation of such proceedings as may be appropriate.

SILBERMAN, LaROSE, and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

3